IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Farm Service Agency),<br><br>        Plaintiff<br><br>            v.<br><br>FERNANDO GARCIA-ARROYO,<br><br>        Defendant | CIVIL NO. 07-1980 (JP) |

**JUDGMENT BY DEFAULT**

   The Court has before it Plaintiff's motion for default judgment (**No. 5**).  The motion is **GRANTED**.  Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled cause that default was entered by the Clerk of this Court against Defendant for his failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

   IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

   1.   Two Mortgage Notes were subscribed in favor of or to the order of Farm Service Agency, an agency and instrumentality of the United States of America.

   2.   For the purpose of securing the payment of the first Mortgage Note in the amount of $15,913.17 with an interest rate at 5.50% per annum, a mortgage was constituted by FERNANDO GARCIA-ARROYO in favor of Plaintiff under the terms and conditions stipulated and

CIVIL NO. 07-1980 (JP)          -2-

agreed therein, through Deed Number 42, dated April 13, 1988, before Notary Public José F. Velázquez-Ortiz, is duly recorded at the corresponding section of the Property Registry.  Such mortgage deed was later clarified by Deed Numbers 9 and 12, dated February 23, 1995, and November 25, 1998, before Notary Public Néstor S. Aponte-Hernández.

    3.  For the purpose of securing the payment of the second Mortgage Note in the amount of $18,675.40 with interest rate at 5.0% per annum, a mortgage was constituted by the herein defendant in favor of Plaintiff under the terms and conditions stipulated and agreed therein, through Deed Number 42, dated April 13, 1988, before Notary Public José F. Velázquez-Ortiz.  Such mortgage deed was later clarified by Deed Numbers 10 and 13, dated February 23, 1995, and November 25, 1998, respectively, before Notary Public Néstor S. Aponte-Hernández.  Said mortgage is duly recorded at the corresponding section of the Property Registry.

    4.  According to the Property Registry, the Defendant herein, FERNANDO GARCIA ARROYO, appears as owner of record of the real estate properties subject of this case.  Said properties are described as follows:

> RUSTICA: Parcela de terreno radicada en el Barrio Espino del Térino municipal de San Lorenzo, Puerto Rico, compuesta de TRECE CUERDAS, equivalentes a cincuenta y una hectáreas, nueve áreas y cincuenta y dos centiáreas, en lindes por el Norte, hoy con Eugenio Nieves González, por el Este con Federico Nieves, y por el Oeste con Cresencio Martín hoy.  Inscrita al folio uno del tomo ciento

CIVIL NO. 07-1980 (JP)          -3-

> cincuenta de San Lorenzo, finca número siete mil quinientos uno, inscripción segunda.

Plaintiff's mortgage in the amount of $15,913.17 was recorded at page 3, volume 150 of San Lorenzo, property number 7501, 5th inscription, at the Registry of the Property of Caguas II, Puerto Rico.

Plaintiff's mortgage in the amount of $18,675.40 was recorded at page 2, volume 150 of San Lorenzo, property number 7501, 4th inscription, at the Registry of the Property of Caguas II, Puerto Rico.

> RUSTICA: Parcela de terreno radicada en el Barrio Espino del término municipal de San Lorenzo, Puerto Rico, con una cabida superficial de DIEZ Y NUEVE (19.00) CUERDAS, equivalentes a setenta y cuatro hectáreas, sesenta y siete áreas y setenta y seis centiáreas. En lindes por el Norte, hoy con Luis Galarza y Hermógenes Nieves; por el Sur, hoy con Petrona nieves; por el Este, hoy con Hermógenes Nieves; y por el Oeste, hoy con Crescencio Martínez.

> Inscrita al folio 245 del tomo 149 de San Lorenzo, finca número 7.500.

Plaintiff's mortgage in the amount of $15,913.17 was recorded at page 89, volume 385 of San Lorenzo, property number 7500, 4th inscription, at the Registry of the Property of Caguas II, Puerto Rico.

   5.   Defendant herein is owner of record of this property and has failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

CIVIL NO. 07-1980 (JP)          -4-

6.   According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

7.   Defendants' indebtedness with Plaintiff is:

**As to the first mortgage note in the amount of $15,913.17**:

a)   $7,224.80 of aggregate principal;

b)   $5,847.24 of interest accrued as of July 24, 2006, and thereafter until its full and total payment, which interest amount increases at the daily accrual rate of $1.0887;

c)   Plus insurance premium, taxes, advances, late charges, costs, court costs, disbursements and attorneys fees guaranteed under the mortgage obligation.

**As to the second mortgage note in the amount of $18,675.40**:

a)   $18,675.40 of aggregate principal;

b)   $13,713.88 of interest accrued as of July 24, 2006, and thereafter until its full and total payment, which interest amount increases at the daily accrual rate of $2.5583;

c)   Plus insurance premium, taxes, advances, late charges, costs, court costs, disbursements and attorneys fees guaranteed under the mortgage obligation.

CIVIL NO. 07-1980 (JP)          -5-

    8.  Defendants, as debtors of the amounts prayed for in the complaint, are hereby **ORDERED AND ADJUDGED** to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph 7.

    9.  In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

    10.  The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks.  The amounts of $15,913.17 and $18,675.40 for a total amount of $34,588.57, shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from

CIVIL NO. 07-1980 (JP)          -6-

this Court.  Such sale shall be subject to the confirmation of this Court.   Upon  confirmation,  the  Marshal  shall  execute  the corresponding deed of judicial sale to the purchaser and he shall be entitled  to  the  delivery  of  the  property  sold  and  its  physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

  11.  Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

   a)   To the payment of all proper expenses attendant upon said sale;

   b)   To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 7;

   c)   If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

   d)   In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution therefor.

CIVIL NO. 07-1980 (JP)          -7-

    12.  The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

    13.  Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 23rd day of April, 2008.

                                          s/Jaime Pieras, Jr.
                                            JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE